OPINION
This is a consolidated appeal from a decision of the Stark County Court of Common Pleas granting Appellees' motion for summary judgment and denying Appellant's motion for summary judgment, finding that the general liability policy of insurance in this case was a motor vehicle liability policy, subjecting it to the mandatory offering requirements of R.C. § 3937.18 and thereby imposing uninsured motorist coverage by operation of law.
It is from this decision that Appellant appeals, assigning the following errors:
ASSIGNMENTS OF ERROR
I.
 THE TRIAL COURT ERRED IN IMPOSING UNINSURED MOTORIST COVERAGE BY OPERATION OF LAW IN A GENERAL LIABILITY POLICY OF INSURANCE WHICH DOES NOT CONSTITUTE A MOTOR VEHICLE LIABILITY POLICY UNDER OHIO REV. C. § 3937.18 AS AMENDED BY HOUSE BILL 261.
II.
 THE TRIAL COURT ERRED IN DETERMINING THAT ANY COVERAGE OWED BY APPELLANT BY OPERATION OF LAW WOULD BE PRIMARY AND WOULD SHARE PRO RATA WITH APPELLEES' OWN PERSONAL AUTOMOBILE UNINSURED MOTORIST COVERAGE.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresherv. Burt (1966), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignments of error.
 I.
Appellant claims the trial court erred in denying its motion for summary judgment. We agree.
The issue before us is whether the trial court erred in determining that the general liability policy in this matter is an automobile liability or motor vehicle liability policy of insurance as defined in R.C. § 3937.18.
"For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmer's Ins.Group of Companies (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus.
It is undisputed that R.C. § 3937.18 as, amended by H.B. 261, which took effect September 3, 1997, applies in the instant case as the claim in this matter arose on May 16, 2000.
The relevant version of R.C. § 3937.18 provides, in pertinent part, as follows:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
(1) Uninsured motorist coverage . . .
(2) Underinsured motorist coverage
 (L) As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 (1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
(2) Any umbrella liability policy of insurance.[1]
Appellees contend that the general liability policy issued to them by appellant is a "policy of insurance that serves as proof of financial responsibility." See R.C. § 3937.18(L)(1).
The trial court, relying on Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, found the policy of insurance in this matter to constitute a motor vehicle liability policy, stating "that where motor vehicle liability coverage is provided, even in a limited form, uninsured/underinsured coverage must be provided."
In it's Judgment Entry of July 9, 2001, the trial court held:
 In the instant case, the policy insures the highway use of "`mobile equipment' registered in your name under any motor vehicle registration law * * *." Thus, "mobile equipment", as defined in the policy includes vehicles which qualify as "motor vehicles" under Ohio law and brings it within the ambit of R.C. 3937.18
The policy language referred to by the trial court is as follows:
II. WHO IS AN INSURED
* * *
 3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway and with your permission. * * *
 IV. DEFINITIONS
* * *
 12. "Mobile equipment" means any of the following types of land vehicles * * *
In light of the Supreme Court decision in Davidson v. Motorists Mut.Ins. Co. (2001), 91 Ohio St.3d 262. We find the trial court's reliance onSelander misplaced.
In Davidson, supra, Justice Francis Sweeney, who also wrote Selander,
took the opportunity to explain the extent of Selander:
 We never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration. (emphasis added).
The Davidson court went on to state:
 In Selander, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobile liability coverage arising out of the use of these automobiles, we reasoned that UM/UIM coverage was required. That holding comports with the requirement under R.C. 3937.18
that UM/UIM coverage must be offered where the policy is an automobile or motor vehicle liability policy. In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.
 These distinctions are significant. Clearly, the policy in Selander was deemed an automobile liability or motor vehicle policy precisely because there was express liability coverage arising from the use of automobiles. Furthermore, automobiles, unlike the vehicles listed in the homeowner's policy in this case, are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway. Thus, based on these distinctions, it makes perfect sense to allow UM/UIM coverage in Selander but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class or motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway. (emphasis added).
* * *
Furthermore, Selander applied a version of R.C. § 3937.18 predating the enactment of House Bill 261, which became effective on September 3, 1997. House Bill 261 amended R.C. 3937.18 to include subsection (L) cited above. Prior to such time, there was no language in R.C. 3937.18 defining "automobile liability or motor vehicle liability policy of insurance." Thus, the Selander case is not applicable to the case sub judice.
We find that the policy of insurance issued in the case sub judice was a general liability policy for damages arising out of the operation of the mobile home park. Said policy contains no express coverage section for automobiles. The policy, in fact, contains an express exclusion for damages arising out of ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured. The policy in this case only provides incidental coverage for a narrow class of mobile equipment
We further find that the general liability policy in this case does not serve as proof of financial responsibility as defined in R.C. §4509.01(K) and the policy has no listing of specifically identified vehicles.
We therefore find, in accordance with R.C. § 3937.18, that the general liability policy issued in the case sub judice is not an automobile liability or motor vehicle liability of insurance.
Accordingly, based on the foregoing, we find that the trial court erred in granting appellee's Motion for Summary Judgment while overruling that filed by appellants.
For the above reasons, we find Appellant's First Assignment of Error well-taken and sustain same.
 II.
With regard to Appellant's Assignment of error, we find that the trial court was without jurisdiction to rule on this issue as his decision was docketed on July 26, 2001, two days after the filing of the notice of appeal in this matter.
However, based on our disposition of Appellant's First Assignment of Error, we find the Second Assignment of Error moot.
The decision of the Stark County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded. Costs to Appellee.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Effective November 2, 1999, R.C. 3937.18(L)(2) was amended to include the following language after insurance: "written as excess over one or more policies described in division (L)(1) of this section."